# EXHIBIT "A"

Electronically Filed by Superior Court of California, County of Orange, 07/31/2025 02:00:50 PM.
30-2025-01501178-CU-PO-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By M. Diaz, Deputy Clerk.

**LTL ATTORNEYS LLP**
Sabrina C. Narain (SBN 299471)
*sabrina.narain@ltlattorneys.com*
Philip M. Howe (SBN 101781)
*Philip.howe@ltlattorneys.com*
Patice A. Gore (SBN 258776)
*patice.gore@ltlattorneys.com*
300 S Grand Ave., Suite 3950
Los Angeles, CA 90071
Tel: (213) 612-8900
Fax: (213) 612-3773

Attorneys for Plaintiff DIANA HESS, by and through her Court Appointed Conservators, Debra Jean Romanoff and Eric Michael Romanoff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ORANGE**

DIANA HESS, an individual, by and through her Court Appointed Conservators, Debra Jean Romanoff and Eric Michael Romanoff,

Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION, a Washington Corporation;
JACK VERTAR, an individual; and
DOES 1 through 15, inclusive,

Defendants.

Case No: 30-2025-01501178-CU-PO-CJC

**COMPLAINT FOR NEGLIGENCE**

**DEMAND FOR JURY TRIAL**

Assigned for all purposes:
Judge Gassia Apkarian

Plaintiff DIANA HESS (referred to herein as "Plaintiff") alleges as follows:

1. This action arises out of an accident that occurred on or about August 4, 2023 at a Costco Wholesale store located at 11000 Garden Grove Boulevard, Garden Grove, County of Orange, State of California.

2. Plaintiff DIANA HESS ("Plaintiff") is an individual residing in the County of Orange. Plaintiff is represented in this action by and through her Court Appointed Conservators, Debra Jean Romanoff and Eric Michael Romanoff, who are Plaintiff's daughter and son-in-law, respectively.

3. Defendant COSTCO WHOLESALE CORPORATION ("COSTCO") is and was at all times mentioned herein, a Washington corporation doing business in the State of California.

4. Defendant JACK VERTAR ("VERTAR") is an individual residing in the State of California. Plaintiff is informed and believe VERTAR resides in Menifee, California. Plaintiff is informed and believes, and thereupon alleges, that VERTAR is and was at all times mentioned herein, a General Manager at COSTCO.

5. Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 15, inclusive, and therefore sues those Defendants by such fictitious names. Plaintiff will amend her Complaint to allege their true corporate and/or individual names and capacities when ascertained.

6. Plaintiff is informed and believe and thereon alleges that each of the fictitiously named Defendants is legally responsible and/or negligent in some manner for the occurrences, acts, and omissions alleged, and that Plaintiff's injuries and damages as alleged were directly and legally caused by that negligent, willful, or intentional conduct, as pleaded with particularity herein. Each reference in this Complaint to Defendant, Defendants, or a specifically named Defendant, refers also to all Defendants, including all Defendants sued under fictitious names.

7. At all times herein mentioned, each Defendant was the agent, joint venturer, co-conspirator, employee, employer, and/or owner of each and all remaining Defendants and, in doing or omitting the acts herein alleged, was acting within the course and scope of such agency, joint venture, employment, co-conspiracy, or ownership with the advance knowledge, condoned

acquiescence or subsequent ratification of each and every remaining Defendant. Each Defendant acted and omitted with the advance knowledge, acquiescence, or subsequent ratification of each and all remaining Defendants and/or by an officer, director, and/or managing agent of that Defendant's business entity and/or its co-conspirator(s).

8. As a proximate result of the acts and omissions by Defendants as alleged herein, Plaintiff sustained objective physical, mental, monetary, extreme emotional, actual, and specific injuries, as pled herein with further particularity.

## JURISDICTION AND VENUE

9. This Court has original subject matter jurisdiction over this case as the events occurred in the County of Orange and most of the parties reside in Orange County. The subject incident giving rise to this action also took place in Garden Grove, Orange County, California.

10. Venue is proper in Orange County as all actions pertinent to this Complaint occurred in Orange County, California.

## GENERAL ALLEGATIONS

11. On August 4, 2023, Plaintiff Diana Hess was shopping at a Costco Warehouse located at 11000 Garden Grove Boulevard, Garden Grove, California (the "Subject Premises"). She was seated at a bench in the food court area, waiting for her companion , Thomas Emory, to complete his shopping. The bench was located approximately 48 inches from the front of a kiosk with a large display screen (the "Subject Kiosk").

12. At approximately 5:00 p.m., Plaintiff stood up and walked towards the front of the Subject Kiosk. As Plaintiff walked passed the Subject Kiosk, she brushed against the sharp corner of the base, which stabbed her, causing abrasions to her right leg. Plaintiff immediately fell to the floor (herein after referred to as the "INCIDENT"). It was later revealed that the fall caused Plaintiff to break her right hip.

13. Plaintiff was transported to a local hospital where she was hospitalized for nine days. After imaging revealed a broken right hip, Plaintiff underwent surgery to repair the break, which included the insertion of two screws.

14. After being discharged from the hospital, Plaintiff received treatment for her injuries resulting from the INCIDENT, including seven additional hospitalizations. She continues to suffer from excoriating pain, daily.

15. As a result of the fall and broken hip, Plaintiff suffered, and continues to suffer, significant pain in her right hip. Additionally, she now must walk with the assistance of a walker or wheelchair.

16. Prior to the August 4, 2023 fall, Plaintiff suffered from dementia but lived independently with her family. However, the INCIDENT has greatly increased Plaintiff's dementia. A conservatorship was established on her behalf on October 22, 2024. She can no longer live independently and requires a professional caregiver.

17. Plaintiff has suffered pain daily since the INCIDENT and will suffer for the rest of her life. Plaintiff's enjoyment of life has plummeted.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

**(Against All Defendants)**

18. Plaintiff hereby repeats and incorporates by reference paragraphs 1 through 17, inclusive, above, as though fully set forth herein.

19. At the time of the INCIDENT, Plaintiff was lawfully on the Subject Premises which is owned, operated, managed, and/or controlled by Defendant COSTCO.

20. Defendant VERTAR is an employee of COSTCO who is responsible for supervising the SUBJECT PREMISES.

21. At the time of the INCIDENT, and all relevant times prior thereto, Defendants COSTCO, VERTAR, and DOES 1 through 15, negligently maintained, supervised, operated, controlled, owned, entrusted, and/or managed the Subject Premises, including but not limited to failing to repair or remove unsafe conditions such as the Subject Kiosk adequately, or provide adequate warning of any unsafe conditions which could reasonably be expected to harm others at the Subject Premises.

22. At the time of the INCIDENT, and all relevant times prior thereto, Defendant COSTCO, VERTAR, and DOES 1 through 15, failed to use reasonable care to keep the Subject Premises in a reasonably safe condition. Defendant VERTAR failed to properly supervise the Subject Premises.

23. On August 4, 2023, Plaintiff was injured and fell on the floor at the Subject Premises, sustaining significant bodily injuries, due to the unsafe conditions at the Subject Premises, including, but not limited to, the poorly and/or inadequately designed, constructed, and maintained Subject Kiosk.

24. As a direct, proximate, foreseeable, and legal result of Defendants' actions and/or omissions, Plaintiff was severely injured. Specifically, Plaintiff suffered leg abrasions and a broken hip. Additionally, Plaintiff's dementia was aggravated.

25. Plaintiff's injuries have caused and continue to cause Plaintiff great mental, physical and nervous strain and pain and suffering. Plaintiff is informed and believes, and thereupon alleges, that Plaintiff will continue to suffer from her injuries, all to Plaintiff's general damage, in an amount according to proof.

26. As a direct, proximate, foreseeable, and legal result of the conduct of the Defendants, and each of them, Plaintiff was required to and employed physicians and surgeons and various healthcare providers to examine, treat, and care for Plaintiff. She also required several hospitalizations and underwent surgery. Plaintiff is informed and believes, and thereon alleges, that Plaintiff will incur medical, caregiving, and related expenses in the future, in an amount according to proof.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For compensatory damages to Plaintiff against the Defendants, including special and general damages, as well as pain and suffering and emotional harm, in an amount according to proof;
2. For costs of this action to Plaintiff;

///

3. For interest on damages to the extent available under California law; and

4. For such other and further relief as this Court may deem appropriate.

DATED: July 31, 2025

Respectfully Submitted
**LTL ATTORNEYS LLP**

Sabrina C. Narain
Philip M. Howe
Patice A. Gore
Attorneys for Plaintiff DIANA HESS, by and through her Court Appointed Conservators, Debra Jean Romanoff and Eric Michael Romanoff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues so triable.

DATED: July 31, 2025

Respectfully Submitted
**LTL ATTORNEYS LLP**

Sabrina C. Narain
Philip M. Howe
Patice A. Gore
Attorneys for Plaintiff DIANA HESS, by and through her Court Appointed Conservators, Debra Jean Romanoff and Eric Michael Romanoff